Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Texas
### Texarkana Division

Case No. _____
*(to be filled in by the Clerk's Office)*

**Jesse A. Reynolds**

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

**Titus County, Titus County Sherriff's Office, Titus County Judge - Brian Lee, Titus County Attorney - John Cobern**

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Jury Trial: *(check one)*  ☐ Yes  ☒ No

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
### (Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Jesse Reynolds |
| Address | 39 County Road 3153 |
| | Cookville, Texas 75558 |
| | *City / State / Zip Code* |
| County | Titus |
| Telephone Number | +1(903) 717-5208 |
| E-Mail Address | jreynolds_14@yahoo.com |

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | Titus County |
| Job or Title *(if known)* | Local Government |
| Address | 100 West First Street |
| | Mt. Pleasant, Texas 75455 |
| | *City / State / Zip Code* |
| County | Titus |
| Telephone Number | (903)577-6796 |
| E-Mail Address *(if known)* | |

☐ Individual capacity   ☒ Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | Titus County Sherriff's Office |
| Job or Title *(if known)* | Titus County Law Enforcement |
| Address | 304 S Van Buren Ave |
| | Mt. Pleasant, Texas 75455 |
| | *City / State / Zip Code* |
| County | Titus |
| Telephone Number | (903) 577-7200 |
| E-Mail Address *(if known)* | |

☐ Individual capacity   ☒ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Defendant No. 3
  Name: Brian Lee
  Job or Title (if known): Titus County Judge
  Address: 100 West First Street
  City: Mt. Pleasant   State: Texas   Zip Code: 75455
  County: Titus
  Telephone Number: (903)577-6791
  E-Mail Address (if known):
  ☒ Individual capacity  ☒ Official capacity

Defendant No. 4
  Name: John Cobern
  Job or Title (if known): Titus County Attorney
  Address: 100 West First Street
  City: Mt. Pleasant   State: Texas   Zip Code: 75455
  County: Titus
  Telephone Number: (903) 572-0382
  E-Mail Address (if known): tituscountyattorney@gmail.com
  ☒ Individual capacity  ☒ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.  Are you bringing suit against (check all that apply):

  ☐ Federal officials (a *Bivens* claim)

  ☒ State or local officials (a § 1983 claim)

B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Amendment II (1791): A well regulated militia, being necessary to the security of a free state, the right of the people to keep and bear arms, shall not be infringed.

Amendment IV (1791): The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Amendment V (1791): No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

Amendment VI (1791): In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense.

Amendment VIII (1791): Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

Amendment XIV (1868):
Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Titus County, the Titus County Sherriff's Office, the Titus County Judge & the Titus County Attorney acted as conspirators, 18 U.S.C. § 241 Conspiracy Against Rights, to deprive the plaintiff of his civil rights, 18 U.S.C. § 242 Deprivation of Rights Under Color of Law, by abuse of process for practicing his self defense rights guranteed by the Castle Doctrine Law.

An officer of the county law enforcment - falsely arrested the plaintiff and filed misdemeanor criminal charges on behalf of the county & persons involved in a burglary of the plaintiff's home. No charges were filed by the county against the persons burglarizing the home. No harm was done to the persons burglarizing the plaintiff's home. The persons involved in the burglary did not press charges on the plaintiff; the county did, without evidence. Burglary of Habitation is a felony in Texas. The county did not press charges on the burglars.

A firearm was confiscated from the plaintiffs vehicle, at the time of the alleged charges, however there were no charges related to firearms. The plaintiff's vehicle was left at the house. When the plaintiff returned to get his vehicle, he was arrested again, for violation of a protective order, filed by the owner of the lease house, after the initial arrest. This deprived the plaintiff of his right to bear arms protected by the 2nd Amendment, his rights to due process, deprivation of property, and rights against unreasonable searches and seizures.

The Law Enforcment Officer acted under color of law to deprive the plaintiff of his civil rights at the time of the false arrest and alleged charges filed by the County, not the property owner. The officer was on duty, was wearing a uniform, used police equipment, including AR-15 rifle to detain the plaintiff. The plaintiff was not armed and could not be considered dangerous, at the time of the alleged charges. The plaintifff was uneccessarily maced and forced to the ground by the burglars and the county Law Enforcement Officer, while backup was on the way. The Law Enforcment Officer recorded the statements of the 911 callers, stating that they were removing the plaintiff's property without a legal order. The plaintiff was not aware that the owner of the lease house was at the house when he arrived. The owners vehicle was not there and there was another vehicle in the driveway with a trailer.

Titus County Attorney, John Cobern acted under color of law to deprive the defendant of his civil rights at the time of the proceedings against the plaintiff when the charges were not dropped or dismissed due to lack of evidence or the plaintiff's right to self defense guarded by the Castle Doctrine. All charges were misdemeanors. The prosecution of the plaintiff was done with malicous intent, from the perspective of the County Attorney.

A lawyer was hired to defend against the charges made by the County. The lawyer communicated that the County was willing to make a deal. The deal was not accepted. The lawyer was fired for lack of proceeding to trial. On October 19, 2018, A court appointed attorney was applied to the case. It was later found, through contact with the State Bar of Texas, that the court appointed attorney was diagnosed with an illness.

An order was filed March 6, 2019 @ 3:06 pm by County Judge Brian Lee to have the plaintiff examined pursuant to Art. 46B.021. State procedure was not followed pursuant to Art 46B.024. There was no evidence to warrant an order to begin with, and the judge states no reason in his order for the examination. The County Judge violates the plaintiff's due process rights and rights to own a firearm and therefore, the sales of firearms or ammunition by allowing the order and ruling of incompetency. The plaintiff has evidence that proves that he was competent. No corrective services were ordered by the court. The state suggest that corrections be made and that the trial continue at a later date. This did not happen.

On May 20, 2019 the Motion and Order to dismiss the case were filed. The plaintiff's court appointed Attorney was not notified of the order, and could not have made a motion for a trial or dismissal, that would have been expected by the Plaintiff. Art. 46B.051 Trial before a judge or jury. Titus County Judge, Brian Lee acted under color of law, to deprive the plaintiff of his civil rights for practicing his self defense rights guranteed by the Castle Doctrine Law.

Titus County acted under color of law, to deprive the plaintiff of his civil rights, as an umbrella to the rights violations of its Law Enforcment Officer, Attorney & Judge against the plaintiff by creating a false sense of law & order, and abuse of process by the county court system. Either, because of negligence, malice or failure to adequetaly prepare its employees for their legal duties.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

## III. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. Where did the events giving rise to your claim(s) occur?

A house in Titus county & Titus County Courthouse

B. What date and approximate time did the events giving rise to your claim(s) occur?

August 18, 2017 @ 6:49 pm - May 20, 2019 @ 2:45 pm
May 20, 2019 - July 24, 2023

C. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

    A burglary of a tennant's house was proceeding and the sheriff was called by the burglars. The landlord did not make his presence known to the plaintiff and a burglar attempted to assualt the plaintiff. The plaintiff caused the burglar to retreat into the plaintiff's house where the plaintiff's property was being removed and placed into a trailer to be stolen or destroyed. The sheriff's deputy arrived and pointed an AR-15 rifle at the plaintiff and stated that the plaintiff was under arrest. The plaintiff was acting within his rights to protect himself and his property. No harm was done to the burglars. The plaintiff was maced, tackled and kicked or stomped by the henchman while the police officer scrambled to control the environment.
The plaintiff was arrested and the burglary of the plaintiff was allowed by the county. The plaintiff's property was left outside on a covered porch and the plaintiffs vehicle was left at the house.
    While the plaintiff was in county jail, the landlord filed a protective order against the plaintiff. The plaintiff was released the next day on bail, and returned to the property via the bailbondsmen to get his vehicle and wallet, to pay the bailbondsmen, from the lease house. The plaintiff was arrested at the return to the bailbondsmens office for violation of a protective order. The county would not allow the plaintiff to have his personal property or vehicle since it was left at the house. The vehicle was succesfully recovered, however the plaintiff's personal belongings were left on the porch and had to be moved by workers hired by the plaintiff. The landlord of the lease house did not give notice of eviction to the plaintiff or get an eviction order from the county.
    The arresting officer makes a statement in his report that the landlord and henchman are burglarizing the plaintiff, and does not charge them with Burglary of Habitation. The arresting officer does write misdeameanor charges for the plaintiff and confiscates a firearm from his vehicle without writing a firearms related charge. The firearm was later sold out of the county's evidence locker.
    The plaintiff was scheduled for hearings and hired a lawyer to represent him in court. The lawyer made no attempt to create a defense. He wanted the plaintiff to accept a plea deal. The plaintiff did not accept the plea deal and fired the attorney. A court appointed atttorney was applied to the case. The plaintiff requested a trial, and wanted to proceed without making deals with the county.
    Titus County Judge - Brian Lee, had the plaintiff ruled incompetent, without allowing a trial or evidence to be presented by the defense. The County Judge hired a private psychologist to examine the plaintiff for incompetency to stand trial. The psychologist did not follow procedure for the examination based on Texas law and the County Judge accepted his examination report without any medical testing or standard for testing the plaintiffs competency to stand trial. The causes against the plaintiff were dismissed after the competency ruling by the County Judge. The plaintiffs court appointed attorney wasn't notified of the motion to dismiss. The plaintiff wasn't notified of the dismissal. A competency trial wasn't allowed by the county. The plaintiff lost his rights to a firearm after the incompetency ruling was made without representation by the plaintiff or his attorney. The plaintiff has evidence that proves that he was competent.
    The plaintiff also lost his right to a firearm at the time of the second arrest for violation of a protective order, at the lease house, where the burglary and first arrest occurred. There were multiple civil rights and due process violations that were ignored at the time of the court proceedings in Titus County, Texas.

## IV.  Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

.

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non-Prisoner)

Loss of earning capacity.
Loss of ability to trade or posess certain property. (firearms & ammunition)
Loss of planned estate.
Loss of time & working years.
Liquidation of growing real estate investment.
Loss of opportunity, loss of wages.
Legal Handicap
Cruel and unusual punishment. (time)
Damage to reputation.

V. **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

It is requested that the court award damages in the amount of $2,500,000,000.00 + $1,750,000,000.00 for the loss of the plaintiff's firearm right at the beginning of the plaintiff's manufacturing career. The plaintiff is an engineer designer by trade. He attended the University of Texas for Aeronautical Engineering. He worked for large scale manufacturing operations such as Big Tex Trailer Manufacturing, LLC. The largest manufacturer of utility trailers in the United States and KWIK Equipment, a heavy transportation equipment manufacturer near Houston, Texas.

The Reynolds name has at least 250 years of sporting & manufacturing experience with firearms.
The largest firearm manufacturer in America started in 1949, 74 years ago. They built 1,581,717 firearms in 2018.

Loss of opportunity - The plaintiff was not able to earn income beacause of the court proceedings and the loss of the plaintiff's civil rights for many years. The loss of income for those years is a direct impact to the planned estate of the plaintiff.

One business, that was not funded because of the loss of opportunity, is a shipyard. The loss of the firearms bussiness proceeds, directly affects the starting of the shipyard. Therefore, $600,000,000.00 is requested. My father worked at a shipyard, as a welder and repair person, in Alaska. The plaintiff's grandfather on his fathers side of the family was a Freemason, and matienance person at a power plant in Titus county and owned real-estate in central Texas, that the Reynolds family purchased in 1884. Marine equipment contracts are very valuable.

Another business sector was Aerospace & Defense. No prototypes could be made to market the products since the firearms business was not able to start. Airplanes range from $100,000.00 - $200,000,000.000 to purchase new. Therefore, $36,000,000.00 is requested for the loss of the plaintiff's airplane business. And the risk associated with not starting on the right date. The plaintiff has a relative that retired from the Air Force.

The plaintiff's step-parent was or is employed at Red River Army Depot and works around tanks and military vehicles and ordinance delivery systems. The plaintiff had an idea of building defense equipment for the military since his first visit to Red River Army Depot, at a young age. Prototypes could not be built because of the loss of income from the loss of the plaintiff's firearm business. Between 2003 and 2016 the U.S purchased 75,898 vehicles and 208 aircraft, that were sent to the Afghan army and security forces, according to a Government Accountabilty Office Report. Therefore, $150,000,000.00 is requested for the loss of the vehicle business, and $52,000,000.00 for the losses to the military aircraft business.

The plaintiff's grandfather owned a Cessna 175 from 1975 until 1996. He also owned and operated half of the local sawmill in the county. The sawmill sold lumber and ties to the railroad company. He opened his own sawmill in 1990 after a buyout agreement. He and his wife were preachers in the Reorganized Church of Latter Day Saints, an international church.

There are also losses to an intended import/export & staple product business, reliant on the proceeds of the firearms business. Losses in the amount of: Steel - $2,500,000,000.00 , Aluminum - $1,000,000,000.00 , Copper - $1,150,000,000.00 , Plastic - $3,375,000,000.00 , Grain - $21,250,000,000.00 /year, Meat - $2,500,000,000.00 /year.

The plaintiff had attempted to start his own business by a partnership with Big Tex Trailers, that was refused. The plaintiff had planned on starting the intended business regardless of an arrangment with Big Tex Trailers. The loss of the the plaintiffs civil rights, blocked the plaintiff's abilty to build prototypes for prospective customers and the business unit was put on hold until a later date. $90,000,000.00 is requested for the losses to the transportation division of the plaintiff's planned estate.

The sale of a house was required to facilitate the plaintiff's living. $125,000.00 is requested for the liquidation of the plaintiff's property, because of the loss of income from the civil rights violations made by the county.

The plaintiff makes archery equipent and has examples of his craft. The plaintiff is aware that the county court case has damaged his reputation. John Rainolds [Reynolds] is remembered for his role in the translation of the King James Version of the Bible, commisioned in 1604, and published in 1611.

The accounting of the losses is considered to be true by the plaintiff. If the plaintiff started working at age 25 he would retire at age 65. Any time lost to the plaintiffs working years, requires the same consideration as actual time lost. In this case original time lost was from August 18, 2017 - July 24, 2023. Therefore, the same time is applied to the loss of the plaintiff's working years and the stated awards are requested to increase by a factor of 2.5 for loss of time and reputation.

Total request for damages: $36,953,125,000.00 x 2.5 = $92,382,812,500.00

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 09/25/2023

Signature of Plaintiff
Printed Name of Plaintiff    Jesse A. Reynolds

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

                City                State        Zip Code

Telephone Number
E-mail Address