IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JESSE A. REYNOLDS | § | |
| | § | |
| V. | § | No. 5:23CV99-RWS-JBB |
| | § | |
| TITUS COUNTY, ET AL. | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

On September 26, 2023, Plaintiff Jesse A. Reynolds ("Plaintiff"), proceeding *pro se*, filed a non-prisoner Complaint for Violation of Civil Rights against Titus County, Titus County Sheriff's Office, Titus County Judge Brian Lee, and Titus County Attorney John Cobern ("Defendants"). Dkt. No. 1. Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (Dkt. No. 2) and a Motion to File Electronically (Dkt. No. 3).[1] The cause of action was automatically referred to the undersigned United States Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636.

As explained in detail below, the Court grants Plaintiff *in forma pauperis* status but orders that service upon Defendants be withheld pending the District Court's review of the recommendations made in this Report and Recommendation. It is recommended that the District Court dismiss Plaintiff's above-entitled and numbered cause of action pursuant to 28 U.S.C. § 1915(e) as frivolous, for failure to state a claim for which relief can be granted, and/or for seeking relief against immune defendants. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

---

[1]Shortly thereafter, on October 3, 2023, Plaintiff filed three additional motions: (1) Second Motion to File Electronically (Dkt. No. 4); (2) Motion to Replace Magistrate Judge With District Judge (Dkt. No. 5); and (3) Motion for Interlocutory Order (Dkt. No. 6).

## IFP STATUS

After considering Plaintiff's financial affidavit, the Court finds that Plaintiff is indigent. Accordingly, the Court hereby **GRANTS** Plaintiff *in forma pauperis* status (Dkt. No. 2) and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a) (1). Even if a plaintiff meets the financial prerequisites to proceed *in forma pauperis*, he must still establish that he has raised a non-frivolous issue. *Richard-Coulibaly v. Alanis*, No. CV 1:19-MC-11, 2019 WL 3752672, at *1 (E.D. Tex. Aug. 7, 2019) (citing *Unknown v. Electors for Miss.*, No.3:12-CV-671-TSL-MTP; 2012 WL 5364730, at *2 (S.D. Miss. Oct. 10, 2012) (citing *Flores v. U.S. Attorney General*, No. SA-11-CA-199-XR, 2011 WL 1486593, at *3, n.1 (W.D. Tex. Mar. 16, 2011)) ("If the Court has the authority to dismiss a non-prisoner case as frivolous once it has been filed, then the Court has the inherent authority in a non-prisoner case to deny leave to proceed in forma pauperis to preclude the filing of a frivolous complaint or claim.")).

As stated below, the undersigned has conducted a § 1915(e) review of the claims made in Plaintiff's complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report.

## STANDARD OF REVIEW

Section 1915(e) requires dismissal of an IFP complaint at any time if the court determines the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[2] *Griffin v. CPS/OCR Off.*,

---

[2] Plaintiff is not a "prisoner" within the meaning of 28 U.S.C. § 1915(h) and is not subject to the screening provisions of the Prison Litigation Reform Act. Because Plaintiff sought and was granted leave to proceed IFP, however, he is nevertheless subject to screening under 28 U.S.C. § 1915(e)(2). *Griffin v. CPS/OCR Off.*, No. 5:20-CV-219-H-BQ, 2021 WL 1520010, at *1n. 2 (N.D. Tex. Feb. 18, 2021), *report and recommendation adopted*, No. 5:20-CV-219-H-BQ,

No. 5:20-CV-219-H-BQ, 2021 WL 1520010, at *1 (N.D. Tex. Feb. 18, 2021), *report and recommendation adopted*, No. 5:20-CV-219-H-BQ, 2021 WL 1516387 (N.D. Tex. Apr. 16, 2021) (citing 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); also citing *Newsome v. E.E.O.C.*, 301 F.3d 227, 231–33 (5th Cir. 2002) (affirming dismissal of *pro se*, non-prisoner plaintiff's claims as frivolous and for failure to state a claim under § 1915(e)(2)(B)(i) and (ii))). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Id*. (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). A complaint has no arguable basis in fact if it rests upon clearly baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *Id*. (citing *Neitzke*, 490 U.S. at 327).

Factual assertions founded upon fantastic or delusional scenarios, and legal claims based on indisputably meritless theories, are frivolous under 28 U.S.C. § 1915(e)(2)(B). *Id.* at *2 (citing *Denton v. Hernandez*, 504 U.S. 25, 31–32 (1992) (quoting *Neitzke*, 490 U.S. at 328)). Indeed, where claims do "not present a logical set of facts to support any claim for relief" and instead "recite[ ] fantastic charges which are fanciful and delusional in nature ... [d]ismissal is clearly warranted...." *Id.* (quoting *Muina v. The KKK St. Joe Paper Co.*, No. 3-09-CV-0364-K, 2009 WL 1542531, at *2 (N.D. Tex. June 1, 2009) (citations omitted in *Griffin*)). The United States Supreme Court in *Denton v. Hernandez* acknowledged that district courts are "all too familiar" with factually frivolous claims and that the "clearly baseless" guidepost for determining factual frivolousness is a discretionary one. *Denton*, 504 U.S. at 33. Dismissals on grounds of frivolousness may be "made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324.

---

2021 WL 1516387 (N.D. Tex. Apr. 16, 2021).

Further, when a plaintiff's complaint is facially frivolous and insubstantial, it is viewed as insufficient to invoke the jurisdiction of the federal courts. *Richard-Coulibaly*, 2019 WL 3752672, at \*2 (citing *Dilworth v. Dallas Cty. Cmty. Coll. Dist.*, 81 F.3d 616, 617 (5th Cir. 1996)). The Supreme Court has repeatedly held that the federal courts are without power to entertain claims which may otherwise be within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit. *Id.* (citing *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) (citing *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904))). The Fifth Circuit has also upheld the dismissal of claims for lack of subject matter jurisdiction when those claims are "obviously frivolous" factually. *Id.* (citing *Maringo v. McGuirk*, 268 Fed. Appx. 309, 310 (5th Cir. 2008) (dismissing appeal as frivolous where plaintiff's claims were based on allegations that an attorney and her ghost sexually harassed him while he was detained) (citing *Neitzke*, 490 U.S. at 327; also citing *Hagans*, 415 U.S. at 536-37; *Carmichael v. United Tech. Corp.*, 835 F.2d 109, 114 (5th Cir. 1988))).

## DISCUSSION

*Plaintiff's allegations*

In his form complaint, Plaintiff alleges Defendants have conspired to deprive Plaintiff of his civil rights, and the alleged civil rights violations caused damages to Plaintiff's "planned estate" in the total amount of $92,382,812,500.00. Dkt. No. 1 at 9. Regarding the alleged deprivation of his civil rights, Plaintiff alleges a law enforcement officer of Titus County falsely arrested Plaintiff and filed misdemeanor criminal charges against him on behalf of the county and "persons involved in a burglary of the plaintiff's home" and no charged were filed against those who burglarized his home. *Id*. at 5, 7 (asserting he was arrested, his property was removed from the lease house and left

outside on a covered porch, and a firearm was confiscated from Plaintiff's vehicle). Plaintiff states the landlord of the lease house did not give notice of eviction to Plaintiff or get an eviction order from the county. *Id.* at 7.

According to Plaintiff, when he later returned to the home to get his vehicle, he was arrested again for violating a protective order which had been filed by the owner of the lease house following Plaintiff's initial arrest. *Id.* at 5, 7. Plaintiff alleges this deprived him of "his right to bear arms protected by the 2nd Amendment, his rights to due process, deprivation of property, and rights against unreasonable searches and seizures." *Id.* at 5. Plaintiff states he was not aware the owner of the lease house was at the home when he arrived. *Id.* According to Plaintiff, the county would not allow Plaintiff to have his personal property or vehicle, and the firearm was later sold by the county. *Id.* at 7.

Plaintiff alleges Titus County Attorney, John Cobern, acted under color of law to deprive Plaintiff of his civil rights at the time of the proceedings "when the charges were not dropped or dismissed" or in light of "the plaintiff's right to self defense guarded by the Castle Doctrine." *Id.* at 5. Plaintiff alleges his hired attorney made no attempt to create a defense (and instead wanted Plaintiff to accept a plea deal) so Plaintiff received a court-appointed attorney and requested a trial. *Id.* at 7.

According to Plaintiff, on March 6, 2019, County Judge Brian Lee ordered – without explanation or evidence – that Plaintiff be examined pursuant to Art. 46B.021 and had Plaintiff ruled incompetent, without allowing a trial or evidence to be presented by the defense. *Id.* at 5, 7. Plaintiff alleges Lee hired a private psychologist to examine Plaintiff for incompetency, and the psychologist did not follow proper procedure; however, Lee accepted the examination report without medical

testing and dismissed the charges against Plaintiff without notifying Plaintiff, thus violating Plaintiff's due process rights and his right to own a firearm by allowing a ruling of incompetency. *Id*. Plaintiff states he has evidence that proves he was competent. *Id.* at 7. Plaintiff alleges Titus County acted under color of law to deprive Plaintiff of his civil rights "as an umbrella to the rights violations of its Law Enforcement Officer, Attorney & Judge against the plaintiff by creating a false sense of law & order, and abuse of process by the county court system." *Id*. at 5.

The events giving rise to Plaintiff's claim occurred in a house in Titus County and the Titus County Courthouse. *Id*. at 6. The approximate dates giving rise to Plaintiff's claim(s) are August 18, 2017 through May 20, 2019 and May 20, 2019 through July 24, 2023.[3] *Id.* For relief, Plaintiff seeks damages for the following: loss of earning capacity, loss of ability to trade or possess certain property (firearms & ammunition); loss of planned estate, loss of time & working years, liquidation of growing real estate investment, loss of opportunity and loss of wages, legal handicap, cruel and unusual punishment (time), and damage to reputation. *Id.* at 8.

Regarding his requested damages, Plaintiff specifically alleges as follows:

It is requested that the court award damages in the amount of $2,500,000,000.00 + $1,750,000,000.00 for the loss of the plaintiff's firearm right at the beginning of the plaintiff's manufacturing career. The plaintiff is an engineer designer by trade. . . . The Reynolds name has at least 250 years of sporting & manufacturing experience with firearms. The largest firearm manufacturer in America started in 1949, 74 years ago. They built 1,581,717 firearms in 2018.

Loss of opportunity - The plaintiff was not able to earn income because [sic] of the court proceedings and the loss of the plaintiff's civil rights for many years. The loss of income for those years is a direct impact to the planned estate of the plaintiff.

One business, that was not funded because of the loss of opportunity, is a shipyard.

---

[3]There is no indication in the complaint that any events giving rise to Plaintiff's § 1983 claims arose within the second time frame of May 20, 2019 through July 24, 2023. Rather, those dates appear to relate to Plaintiff's claim for damages regarding alleged "time lost . . . from August 18, 2017 - July 24, 2023." *See* Dkt. No. 1 at 9.

The loss of the firearms business proceeds, directly affects the starting of the shipyard. Therefore, $600,000,000.00 is requested. My father worked at a shipyard, as a welder and repair person, in Alaska. The plaintiff's grandfather on his fathers side of the family was a Freemason, and maintenance [sic] person at a power plant in Titus county and owned real-estate in central Texas, that the Reynolds family purchased in 1884. Marine equipment contracts are very valuable.

Another business sector was Aerospace & Defense. No prototypes could be made to market the products since the firearms business was not able to start. Airplanes range from $100,000.00 - $200,000,000.000 to purchase new. Therefore, $36,000,000.00 is requested for the loss of the plaintiff's airplane business. And the risk associated with not starting on the right date. The plaintiff has a relative that retired from the Air Force.

The plaintiff's step-parent was or is employed at the Red River Army Depot and works around tanks and military vehicles and ordinance delivery systems. The plaintiff had an idea of building defense equipment for the military since his first visit to Red River Army Depot, at a younger age. Prototypes could not be built because of the loss of income from the loss of the plaintiff's firearm business. . . . Therefore, $150,000,000.00 is requested for the loss of the vehicle business, and $52,000,000.00 for the losses to the military aircraft business.

* * *

There are also losses to an intended import/export & staple product business, reliant on the proceeds of the firearms business. Losses in the amount of: Steel - $2,500,000,000.00, Aluminum - $1,000,000,000.00, Copper - $1,150,000,000.00, Plastic - $3,375,000,000.00, Grain - $21,250,000,000.00/year, Meat - $2,500,000,000.00/year.

 The plaintiff had attempted to start his own business by a partnership with Big Tex Trailers, that was refused. The plaintiff had planned on starting the intended business regardless of an arrangement with Big Tex Trailers. The loss of the plaintiff's civil rights, blocked the plaintiff's ability to build prototypes for prospective customers and the business unit was put on hold until a later date. $90,000,000.00 is requested for the losses to the transportation division of the plaintiff's planned estate.

* * *

The accounting of the losses is considered to be true by the plaintiff. If the plaintiff started working at age 25 he would retire at age 65. Any time lost to the plaintiffs working years, requires the same consideration as actual time lost. In this case original time lost was from August 18, 2017 - July 24, 2023. Therefore, the same time is applied to the loss of the plaintiff's working years and the stated awards are

requested to increase by a factor of 2.5 for loss of time and reputation.

Total request for damages: $36,953,125,000.00 x 2.5 = $92,382,812,500.00

*Id.* at 9.

In Plaintiff's Motion for Interlocutory Order, which was filed several days after Plaintiff's complaint, Plaintiff requests the Court direct "defendant to pay an amount of $500.00 per month, while a decision is made regarding the requested award." Dkt. No. 6. According to Plaintiff, the "defendant harmed the plaintiff and is at fault for his loss of employment," and "payments are requested to support the plaintiff's living while the requested trial proceeds." *Id.*

*Analysis*

Courts are to liberally construe the pleadings of a *pro se* party, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But "even a liberally-construed *pro se* ... complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

As noted above, under 28 U.S.C. § 1915(e)(2)(B), the court may dismiss claims filed by a party proceeding *in forma pauperis* who seeks redress from government entities or employees prior to service if the court determines that the claims are frivolous, malicious, or fail to state a claim upon

which relief may be granted. Pursuant to this provision, the court may review a complaint and dismiss *sua sponte* those claims premised on meritless legal theories and those that clearly lack any basis in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Broadly construed, Plaintiff appears to be alleging violations of his civil rights and consequently, is attempting to bring his claims under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Coleman v. United States*, No. A-14-CV-1015-LY, 2015 WL 1651478, at *5 (W.D. Tex. Apr. 14, 2015) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Although Plaintiff repeatedly references civil rights violations in his complaint, no viable federal claim appears on the face of the complaint. To start, the United States Supreme Court has found that judges acting in the performance of their judicial duties are entitled to absolute immunity. *Edwards v. Pittman*, No. 4:23-CV-00942-O-BP, 2023 WL 6394407, at *2 (N.D. Tex. Sept. 14, 2023), *report and recommendation adopted sub nom.*, No. 4:23-CV-00942-O-BP, 2023 WL 6465138 (N.D. Tex. Oct. 2, 2023) (citing *Nixon v. Fitzgerald*, 457 U.S. 731, 745-46 (1982)). This absolute immunity applies to suits for damages resulting from any judicial act. *Id*. (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)). Thus, absolute judicial immunity bars Plaintiff's claims against County Judge Brian Lee arising from actions that he took or declined to take in the course of his judicial duties.

Similarly, District Attorneys enjoy absolute prosecutorial immunity from civil suit for damages under § 1983 for his actions in initiating and pursuing a criminal prosecution through the

judicial process. *Hutchinson v. Fleischman*, No. CV 22-78, 2022 WL 4112234, at *4 (E.D. La. July 26, 2022), *report and recommendation adopted*, No. CV 22-78, 2022 WL 4104564 (E.D. La. Sept. 8, 2022) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("[A] state prosecuting attorney who acted within the scope of his duties in initiating and pursuing a criminal prosecution" was not subject to suit under § 1983); also citing *Brooks v. George Cnty.*, 84 F.3d 157, 168 (5th Cir. 1996) ("Actions which are related to the judicial process fulfill the prosecutor's advocatory function and are considered absolutely immune from suit")). Absolute immunity protects prosecutors from all liability even when they acted "maliciously, wantonly, or negligently." *Id*. (quoting *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016) ("Absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently."); *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985)). County Attorney John Cobern is immune from suit under § 1983 for this reason.

Among his claims against Titus County and Titus County Sheriff's Office, Plaintiff alleges – without providing the date of his arrest(s) – that he was falsely arrested. The Court may raise the limitations or prescription issue *sua sponte* in its frivolousness review of a civil suit. *Id.* at *5 (citing *Wilke v. Meyer*, 345 Fed. Appx. 944, 945 (5th Cir. 2009); *Lopez-Vences v. Payne*, 74 Fed. Appx. 398 (5th Cir. 2003) (citing *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993))). "'Dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations.'" *Id*. (quoting *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006)(quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999))).

For a § 1983 action, the court looks to the forum state's personal-injury limitations period. *Id.* (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)); *see also Nance v. Ward*, 142 S.

Ct. 2214, 2225 (2022) ("all § 1983 suits must be brought within a State's statute of limitations for personal-injury actions"). Claims alleging constitutional violations and brought pursuant to 42 U.S.C. § 1983 are subject to Texas's two-year statute of limitations for personal injury actions. *Mosley v. Hous. Cmty. Coll. Sys.*, 951 F. Supp. 1279, 1288 (S.D. Tex. 1996) (two-year statute of limitations in TEX. CIV. PRAC. & REM. CODE § 16.003 applies to § 1983 claim). Claims for false arrest accrue upon the arrest and run until "legal process was initiated against [the defendant]." *Wallace v. Kato*, 549 U.S. 384, 390 (2007); *see also id*. at 388 (clarifying that false arrest is a "species of [false imprisonment]").

In this case, as in *Hutchinson*, No. CV 22-78, 2022 WL 4112234 (E.D. La. July 26, 2022), *report and recommendation adopted*, No. CV 22-78, 2022 WL 4104564 (E.D. La. Sept. 8, 2022), the untimeliness is clear on the face of the pleadings. The approximate dates giving rise to Plaintiff's claim(s) are August 18, 2017 through May 20, 2019. Dkt. No. 1 at 6. The first specific date alleged by Plaintiff in his complaint is October 19, 2018, the date when Plaintiff allegedly received a court-appointed attorney in his misdemeanor case. In the absence of allegations to the contrary, Plaintiff was arrested sometime prior to that date, with any false arrest/imprisonment claim accruing when the court determined there was probable cause to arrest and prosecute him. *Hutchinson*, 2022 WL 4112234, at *6. Plaintiff filed his complaint almost five years after October 19, 2018, which is after the limitations period ended for any § 1983 claims for false arrest or false imprisonment. Thus, Plaintiff's claims against Titus County and Titus County Sheriff's Office are time barred.

Finally, the Court notes Plaintiff's allegations of alleged injury (that Defendants' wrongful actions prevented Plaintiff from starting numerous business that would have been worth billions of dollars) are "untethered from both law and fact and are thus clearly meritless." *Barnes v. United*

11

*States*, 800 Fed. Appx. 284 (5th Cir. 2020). The Court has previously stated that a "plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense." *Tyler v. Carter*, 151 F.R.D. 537, 540 (S.D. N.Y. 1993) (*sua sponte* FED. R. CIV. P. 12(b)(6) dismissal). Here, Plaintiff's claims may be so characterized, as evidenced by the above discussion of Plaintiff's filings. Under § 1915(e)(2) and the applicable legal standards, even construing Plaintiff's complaint liberally and assuming jurisdiction, it appears to the Court that Plaintiff's claims are implausible, attenuated, unsubstantial, frivolous, and devoid of merit. *Richard-Coulibaly*, 2019 WL 3752672, at *2.

In short, Plaintiff offers no legal basis supporting any cause of action against Defendants. Plaintiff's claims fail to raise the right to relief above—or even to—a speculative level and should therefore be dismissed. Although the Court would ordinarily allow a *pro se* plaintiff to amend his complaint, given the allegations contained in this case, the Court finds it would be futile to allow Plaintiff to amend. *See Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999) (a *pro se* complaint is properly dismissed when it would be futile to allow amendment). Nothing before the Court suggests that Plaintiff can meet the conditions to assert claims currently barred by limitations or immunity.

## CONCLUSION

In accordance with the preceding discussion, the Court **GRANTS** Plaintiff *in forma pauperis* status. Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

Having screened the complaint, the undersigned finds Plaintiff's claims are delusional, fail

to state a cause of action, and are frivolous under 28 U.S.C. § 1915(e). Accordingly, it is

**RECOMMENDED** that Plaintiff's above-referenced cause of action be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e). The Clerk shall mail Plaintiff a copy of this Report and Recommendation by certified mail, return receipt requested.

Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

SIGNED this the 10th day of October, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE