IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **JESSE A. REYNOLDS**, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:23-CV-99-RWS-JBB |
| | § | |
| **TITUS COUNTY, ET AL.**, | § | |
| Defendants. | § | |

# ORDER

Before the Court are Plaintiff Jesse A. Reynolds's objections to the Magistrate Judge's Report and Recommendation. Docket Nos. 11–13, 15, 16.[1] Plaintiff, proceeding *pro se*, filed this lawsuit alleging violations of his constitutional rights under 42 U.S.C. § 1983 against Defendants Titus County, Titus County Sheriff's Office, Titus County Judge Brian Lee, and Titus County Attorney John Cobern. Docket No. 1. The case was referred to United States Magistrate Judge Boone Baxter pursuant to 28 U.S.C. § 636(b)(1).

## I.   Factual Background

The events giving rise to Plaintiff's claims occurred in a house in Titus County and the Titus County Courthouse. Docket No. 1 at 6. The approximate dates giving rise to Plaintiff's claim(s) are August 18, 2017 through May 20, 2019, and May 20, 2019 through July 24, 2023. *Id.*

First, Plaintiff alleges a law enforcement officer of Titus County falsely arrested Plaintiff and filed misdemeanor criminal charges against him "on behalf of the county" and "persons

---

[1] In addition to the objections and "refiled objections" (Docket Nos. 11, 12) Plaintiff also filed three notices about the abrogation doctrine, discrimination, bills of attainder, and other legal and factual issues. Docket Nos. 13, 15, 16.

involved in a burglary of the plaintiff's home." Docket No. 1 at 5, 7. Plaintiff asserts no charges were filed against those who burglarized his home. *Id.* at 7. Plaintiff asserts he was falsely arrested for practicing his self-defense rights and that a firearm was confiscated from his vehicle. *Id.* at 5.[2] When Plaintiff returned to the location to move his vehicle, he alleges he was falsely arrested again for violating a protective order which had been filed by the owner of the lease house following Plaintiff's initial arrest. *Id.* at 5, 7.[3] Plaintiff states he was not aware the owner of the lease house was at the home when he arrived. *Id.* at 5. Plaintiff alleges this arrest and confiscation of his firearm deprived him of "his right to bear arms protected by the [Second] Amendment, his rights to due process, deprivation of property, and rights against unreasonable searches and seizures." *Id.* at 5. According to Plaintiff, the county sold his firearm and did not allow Plaintiff to have his personal property or vehicle. *Id.* at 7.

Second, Plaintiff alleges John Cobern, acting in his role as the Titus County Attorney, deprived Plaintiff of his civil rights by failing to drop or dismiss the charges against Plaintiff because of the lack of evidence or because of "the plaintiff's right to self-defense guarded by the Castle Doctrine." *Id.* at 5.[4]

Third, Plaintiff alleges County Judge Brian Lee ordered that Plaintiff be examined for competency pursuant to Tex. Crim. Proc. Code Ann. art. 46B.021 without explanation or evidence.

---

[2] Plaintiff alleges this arrest occurred when Plaintiff was unarmed. *Id.* at 5. Plaintiff states he was "unnecessarily maced and forced to the ground by the burglars and the county Law Enforcement Officer." *Id.*

[3] Plaintiff states the landlord of the lease house did not give notice of eviction to Plaintiff or get an eviction order from the county. *Id.* at 7.

[4] Plaintiff also alleges his hired attorney wanted him to accept a plea deal and did not attempt to create a defense, forcing Plaintiff to dismiss his hired counsel and receive a court-appointed attorney before proceeding to trial. *Id.* at 5, 7.

*Id.* Plaintiff also argued that he was ruled incompetent without allowing a trial or evidence to be presented by the defense. *Id.* at 5, 7. Plaintiff alleges that the private psychologist Judge Lee hired did not follow proper procedure and did not perform medical testing. *Id.* at 5, 7. Plaintiff also alleges that Judge Lee accepted the examination report and dismissed the charges against Plaintiff without notifying Plaintiff. *Id.* Plaintiff alleges Judge Lee's ruling of incompetency violated Plaintiff's due process rights and his right to own a firearm. *Id.* Plaintiff states he has evidence that proves he was competent. *Id.* at 7. Plaintiff argues Titus County acted under color of the law to deprive Plaintiff of his civil rights "as an umbrella to the rights violations of its Law Enforcement Officer, Attorney [and] Judge against the plaintiff by creating a false sense of law & order, and abuse of process by the county court system." *Id.* at 5.

Plaintiff alleges Defendants' conspiracy to deprive Plaintiff of his civil rights resulted in damages of $92,382,812,500.00. *Id.* at 9. These damages arise from an alleged loss of earning capacity, loss of ability to trade or possess certain property (firearms and ammunition), loss of planned estate, loss of time and working years, liquidation of growing real estate investment, loss of opportunity and loss of wages, legal handicap, cruel and unusual punishment (time), and damage to reputation. *Id.* at 8. Specifically, Plaintiff argues that he is entitled to $2.5 billion and $1.75 billion in damages "for the loss of the [P]laintiff's firearm right at the beginning of the [P]laintiff's manufacturing career" because Plaintiff is an "engineer designer by trade" and "[t]he Reynolds name has at least 250 years of sporting & manufacturing experience with firearms." *Id.* at 9. Plaintiff argues that profits from this firearm business would have been invested in several other businesses. *Id.* Accordingly, Plaintiff's loss of his right to own a firearm resulted in additional lost opportunities, including:

- $600 million for a shipyard business;

- $36 million for an "Aerospace & Defense" business;

- $150 million for a vehicle business and $52 million for a military aircraft business, based on plaintiff's idea of building defense equipment for the military after first visiting Red River Army Depot at a younger age;

- An import/export business that would have resulted in proceeds of $2.5 billion for steel, $1 billion for aluminum, $1.15 billion for copper, $3.375 billion for plastic, $21.25 billion for grain, and $2.5 billion for meat; and

- A business with Big Tex Trailers, estimated to be worth $90 million.

*Id.* at 9 (noting that these estimated losses were determined if Plaintiff began working at 25, retired at 65, with an increase of a factor of 2.5 times for the "loss of time and reputation").

## II.    Procedural Background

After filing his complaint, Plaintiff filed two motions to file electronically (Docket Nos. 3, 4), a motion to replace the magistrate judge with the district judge (Docket No. 5), and a motion for an interlocutory order (Docket No. 6). Shortly thereafter, on October 10, 2023, the Magistrate Judge issued a report and recommendation *sua sponte*. Docket No. 7.[1] According to the report, although the Court would ordinarily allow a *pro se* plaintiff to amend his complaint, nothing before the Court suggests that Plaintiff can meet the conditions to assert claims currently barred by limitations or immunity. *Id.* at 12. Thus, the report recommended Plaintiff's above-captioned case be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e) for failure to state a claim for which relief can be granted, for seeking relief against immune defendants, and for frivolousness. *See generally id.*

---

[1] In the report, the Magistrate Judge granted the *pro se* Plaintiff's motion to proceed *in forma pauperis* and ordered the complaint be filed without pre-payment of fees or costs. *Id.* at 2. The Magistrate Judge, however, ordered that service upon Defendants be withheld pending the District Court's review of the report's recommendation that the claims be dismissed under 28 U.S.C. § 1915(e). *Id.*

After the report issued, Plaintiff filed a number of different motions. First, he filed a motion for summary judgment. Docket No. 8. Then, on October 19, 2023, Plaintiff filed an "Objection to Magistrates Suggestion of Dismissal with Prejudice?" that included over 130 pages of attachments. Docket No. 11. On October 24, 2023, Plaintiff filed a "Re-filed Objection to Magistrates Suggestion of Dismissal with Prejudice?" with seventeen pages of attached "Context." Docket No. 12. Plaintiff also filed a separate document entitled "Abrogation Doctrine." Docket No. 13. On October 30, 2023, Plaintiff filed a second "Motion for Interlocutory Order," requesting that the Court direct Defendants to pay an amount of $5,000.00 per month while a decision is made regarding the requested award and to support Plaintiff's living while the requested trial proceeds. Docket No. 14.[5] Finally, Plaintiff has also filed two additional "Notices" which contain miscellaneous documents and evidence. *See* Docket Nos. 15, 16.

### III. Legal Standard

#### A. 28 U.S.C. § 1915(e)

Section 1915(e) requires dismissal of an *in forma pauperis* complaint at any time if the court determines the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii); *see also, e.g.*, *Newsome v. E.E.O.C.*, 301 F.3d 227, 231–33 (5th Cir. 2002) (finding a district court correctly dismissed claims as frivolous and for failure to state a claim under § 1915(e)); *Bell v. Children's Protective Servs.*, 547 F. App'x 453, 457 (5th Cir. 2013) (finding a district court correctly dismissed claims that were barred by statute of limitations); *Tinsley v. Comm'r*, 958 F. Supp. 277, 280 (N.D. Tex. 1997) (dismissing *in forma pauperis*

---

[5] In his first "Motion for Interlocutory Order" (Docket No. 6) referenced in the report, Plaintiff requests the Court direct Defendants to pay $500.00 per month while a decision is made regarding the requested award.

complaint against defendants who were immune); *Griffin v. CPS/OCR Off.*, No. 5:20-CV-219-H-BQ, 2021 WL 1520010, at *1 (N.D. Tex. Feb. 18, 2021), *report and recommendation adopted*, No. 5:20-CV-219-H-BQ, 2021 WL 1516387 (N.D. Tex. Apr. 16, 2021) (affirming dismissal of *pro se*, non-prisoner plaintiff's claims as frivolous and for failure to state a claim under § 1915(e)(2)(B)(i) and (ii))).

### B. Objections to the Report

A district court must perform a *de novo* review of the portions of a magistrate judge's report and recommendation to which any party files an objection. *Poe v. Bock*, No. EP-17-CV-00232-DCG, 2018 WL 4275839, at *2 (W.D. Tex. Sept. 7, 2018) (first citing 28 U.S.C. § 636(b)(1); and then citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). The portions of the magistrate judge's report that are not objected to are reviewed for clearly erroneous factual findings and conclusions of law. *Id*. (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam)). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id*. (first quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); and then citing *St. Aubin v. Quarterman*, 470 F.3d 1096, 1101 (5th Cir. 2006) ("A finding is clearly erroneous only if it is implausible in the light of the record considered as a whole.")).

### IV. Analysis

Plaintiff's objections include a general overview of judicial immunity, prosecutorial immunity, the abrogation doctrine, federal and state tort laws, bills of attainder, discrimination, and other legal and factual issues. *See*, *e.g.*, Docket Nos. 11–13, 15, 16. Plaintiff's objections do not satisfactorily address the issues discussed at length in the report. The Court has conducted a careful *de novo* review of those portions of the report to which the Plaintiff objected and a plain

error review of the portions of the report to which Plaintiff did not object. Upon such review, as discussed below, the Court has determined that the report is correct and Plaintiff's objections are without merit.

### A. Immunity[6]

Plaintiff's objections generally argue that the different types of immunity referenced by the report are not absolute. *See, e.g.*, Docket No. 11 at 2–5.[7]

#### 1. Judicial Immunity

First, Plaintiff argues that judicial immunity is not absolute. Docket No. 11 at 2–3 (citing S.P Stafford, *Overview of Judicial Immunity*, U.S. Dep't of Just., (1977) https://www.ojp.gov/ncjrs/virtual-library/abstracts/overview-judicial-immunity). Plaintiff argues judicial immunity does not apply because Judge Lee and the hired psychiatrist failed to follow procedure and Judge Lee ordered a competency hearing without evidence. *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 46B.021). Plaintiff's complaint also generally alleges Judge Lee failed to serve certain papers on Plaintiff or his attorneys. *See* Docket No. 1.

---

[6] Plaintiff also cites the Texas Tort Claims Act, the Federal Tort Claims Act, and the Abrogation Doctrine in his objections. Docket No. 15 at 2–3. But, given the doctrines of immunity, Plaintiff fails to persuasively argue that these laws and doctrines create a cognizable claim. For example, the cited portion of the Texas Court Claims Act is inapplicable here because it waives liability for "personal injury and death" but no physical injury or death is alleged here. *See id.* at 2.

[7] Plaintiff's objections include a statement that "Titus County and its Officials have a Policy, Practice or Custom of violating civil rights for at least two years while awaiting trial and further violation after the case was dismissed, loss of rights secured by the U.S Constitution by actors under oath for years." Docket No. 12-1 at 6 (citing, *e.g.*, *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1236 (9th Cir. 2011); *see also Nehad v. Browder*, 929 F.3d 1125, 1141 (9th Cir. 2019); *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999); *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)). The Court understands this statement to be an objection to an application of immunity towards Titus County. This boilerplate statement, however, is not tied to any allegations in the complaint and does not sufficiently address the findings of the report, which appear correct upon review.

The Fifth Circuit considers four factors to determine whether a judge's actions are immunized because they were judicial in nature: (1) whether a "normal judicial function" was involved, (2) whether "the relevant act occur[ed] in or adjacent to a court room", (3) whether the "controversy" involved "a pending case in some manner," and (4) whether the act arose "directly out of a visit to the judge in his official capacity." *Daves v. Dallas Cnty., Texas*, 22 F.4th 522, 539 (5th Cir. 2022). The Court need only focus on the first factor in cases where the judge's act is inextricably linked to a normal judicial function. *See id.* (finding that only the first factor needed to determine a judge was immunized from suit based on "the act of selecting applicants for inclusion on a rotating list of attorneys eligible for court appointments is inextricably linked to and cannot be separated from the act of appointing counsel in a particular case, which is clearly a judicial act").

Here, the claims against Judge Lee arise out of acts that are clearly judicial in nature. Judge Lee's decision that a competency hearing was necessary, his appointment of a psychiatrist, his consideration of the evidence, his ultimate determination, and the procedures he followed at all these stages are normal judicial functions. Accordingly, upon a *de novo* review, the Court finds that the Magistrate Judge correctly found that Judge Lee is immune from suit, which warrants dismissal of this claim under 28 U.S.C. § 1915(e)(2)(B)(iii).

    2.    <u>Prosecutorial Immunity</u>

Plaintiff also objects to the report because prosecutorial immunity is no longer absolute. Docket No. 11 at 3 (citing *Buckley v. Fitzsimmons*, 113 S.Ct. 2606 (1993); and then T.J. Foltz, *Prosecutorial Immunity No Longer Absolute*, CRIMINAL JUSTICE, Vol. 8 Iss. 4 at 21–24, 59–64 (1994), https://www.ojp.gov/ncjrs/virtual-library/abstracts/prosecutorial-immunity-no-longer-absolute). Specifically, Plaintiff argues that the prosecuting attorney's motion for dismissal was

improper because it relied on a psychologist's report, which did not follow due process procedures. *Id.* Plaintiff asserts prosecutorial immunity does not apply because he filed the motion for dismissal based on a "fabricated" report from a court-appointed psychologist "to his liking." Docket No. 11 at 3. Plaintiff also cites the *Brady* doctrine[8] when discussing that the prosecutor[9] failed to share a police report and failed to bring the police report to the Court's attention. *Id.* at 3–4 (citing Exhibits J, B, and K).

First, a prosecutor's reliance on an allegedly unreliable psychiatrist's report in his motion to dismiss is immunized because that was a prosecutorial decision. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (noting that forcing a prosecutor to mind his own potential damages liability while making prosecutorial decisions is against public interest). Second, a *Brady* violation, "the suppression of exculpatory evidence[,] is shielded by absolute immunity." *Cousin v. Small*, 325 F.3d 627, 635 (5th Cir. 2003) (first citing *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979); and *Reid v. New Hampshire*, 56 F.3d 332, 336 (1st Cir.1995); and then *Robinson v. Volkswagenwerk AG*, 940 F.2d 1369, 1373 n. 4 (10th Cir. 1991)). Finally, even if the Court accepts Plaintiff's objection to the application of immunity based on the new allegation that the court-appointed psychiatrist "fabricated" the report, there are no allegations in the complaint that the prosecutor was involved in that fabrication. Accordingly, upon a *de novo* review, the Court finds that the Magistrate Judge correctly found that Titus County Attorney John Cobern is immune from suit, which warrants dismissal of this claim under 28 U.S.C. § 1915(e)(2)(B)(iii).

---

[8] *Brady v. Maryland*, 373 U.S. 83 (1963) (holding that prosecution must provide the defense with all evidence that might exonerate the defendant).

[9] It is unclear from the face of the complaint, and the objections, whether this failure is attributed to the prosecuting attorney or Plaintiff's counsel. For the sake of completeness, the Court assumes Plaintiff is discussing the prosecutor.

### B. Statute of Limitations

Plaintiff's objections to the report's findings concerning the statute of limitations appear to be limited to Judge Lee's failure to provide Plaintiff or his attorney with a copy of the motion to dismiss before he signed his order. Docket No. 11 at 2.[10] Plaintiff argues that this failure created a legal handicap that tolls the statute of limitations. *Id.*

Having considered *de novo* the allegations contained in Plaintiff's complaint, the Court agrees with the report that Plaintiff fails to state a claim upon which relief can be granted against Titus County and Titus County Sheriff's Office based on the statute of limitations. Claims alleging constitutional violations and brought pursuant to 42 U.S.C. § 1983 are subject to Texas's two-year statute of limitations for personal injury actions. *Mosley v. Hous. Cmty. Coll. Sys.*, 951 F. Supp. 1279, 1288 (S.D. Tex. 1996) (two-year statute of limitations in TEX. CIV. PRAC. & REM. CODE § 16.003 applies to § 1983 claim). Claims for false arrest accrue upon the arrest and run until "legal process was initiated against [the defendant]." *Wallace v. Kato*, 549 U.S. 384, 390 (2007); *see also id.* at 388 (clarifying that false arrest is a "species of [false imprisonment]").

The issue remains whether Plaintiff should be allowed to amend to allege a § 1983 cause of action against Titus County and Titus County Sheriff's Office. The Court finds amendment would be futile for two reasons. First, consideration of the allegations contained in Plaintiff's objections demonstrates the futility of amendment. In the attached "Context" to the refiled objections, Plaintiff states he was "falsely arrest August 19, 2017" and "the case was dismissed May 20, 2019." Docket No. 12-1 at 1, 13. But Plaintiff did not file the above case until September 26, 2023, more than four years after the case was dismissed. Second, the only possible reason

---

[10] Taking the complaint's allegations as true, the Court assumes that Judge Lee should have, but did not, serve the motion at issue.

provided in support of tolling was the County and Judge Lee's failure to provide Plaintiff with a copy of the motion to dismiss.[11] Docket Nos. 11 at 2; 12 at 2. The Court generally refers to state law for tolling rules. *Wallace*, 549 U.S. at 394; *see also Madis v. Edwards*, 347 F. App'x 106, 108 (5th Cir. 2009). When Judge Lee and the County allegedly failed to serve the motion Plaintiff was represented by counsel; such counsel could have addressed any default in service through the proper procedural mechanisms. *See* Docket No. 1. Precedent shows that tolling is inapplicable in other cases where defendants are in much more disadvantageous circumstances, such as when they do not have access to counsel at all. *See Madis*, 347 F. App'x at 108–109. Accordingly, the Court finds that this alleged failure is not an "exceptional situation" under Texas law that warrants tolling. *See Madis*, 347 F. App'x at 108–109.

Because Plaintiff's claims are time-barred, Plaintiff can prove no set of facts in support of his claim against Titus County and Titus County Sheriff's Office which would entitle him to relief.

### C. Miscellaneous Other Objections

Plaintiff's objections also generally mention other legal doctrines such as "[r]atification" and "[f]ailure to [t]rain." *See, e.g.*, Docket Nos. 11–13, 15, 16. These objections do not address the report's bases for dismissing the complaint, and the Court does not find these legal theories relevant or persuasive. In addition, Plaintiff's objections include documentation to support his accounting for the claimed damages. *See, e.g.*, Docket Nos. 11-2 at 4–8, 11-4–11-8. While the Court does not disagree with the report's comments about the alleged damages, the Court finds it

---

[11] The Court is not convinced that Plaintiff's reason for tolling is sufficiently tied to Plaintiff's allegations against Titus County and Titus County Sheriff's Office. The prosecutor or Judge Lee's failure to serve a motion to dismiss does not seem sufficiently connected to Plaintiff's false imprisonment claims to warrant tolling. The Court, however, addresses this argument to show the futility of amendment.

unnecessary to address the merits of the accounting for Plaintiff's business plans because Plaintiff fails to state a claim because of both immunity and tolling issues.

## V.      Conclusion

The Court has conducted a careful *de novo* review of those portions of the report to which the Plaintiff objected and a plain error review of the portions of the report to which Plaintiff did not object. Upon such review, the Court has determined that the report is correct and Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Plaintiff's objections (Docket Nos. 11–13, 15, 16) are **OVERRULED**. It is further

**ORDERED** that the report of the Magistrate Judge (Docket No. 7) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above captioned matter is **DISMISSED WITH PREJUDICE** for failure to state a claim.

**So ORDERED and SIGNED this 29th day of November, 2023.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE